```
           IN THE UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF GEORGIA
                   COLUMBUS DIVISION
```

WELLS FARGO BANK, N.A.           )
                                 )
    Plaintiff,                   )
vs.                              ) CASE NO.: 4:18-cv-107-CDL
                                 )
JAMES I. RICHMOND,               )
CAPTIAL ONE BANK (USA) N.A.,     )
UNITED STATES OF AMERICA,        )
                                 )
    Defendants.                  )

## **FINAL JUDGMENT**

Plaintiff filed a Complaint [Doc 1] and a Motion [Doc 15] for entry of this Order. The Defendants consent to entry of this Order, subject to its below conditions. Having considered the Motion and the record, the Court finds that a hearing is not required and this Order is entered as follows.

Under 28 U.S.C. § 1332, jurisdiction exists between Plaintiff, a citizen of South Dakota, Defendant Richmond, a citizen of Georgia and Capital One, a citizen of Virginia. The value of the real property and/or the debt at issue exceeds the principal sum of $76, 000.00. Under 28 U.S.C. § 1331 and 1346, jurisdiction exists as to the United States, which holds a lien interest in the real property at issue in this case, described as:

    ALL THAT LOT, TRACT AND PARCEL OF LAND SITUATE, LYING
    AND BEING IN COLUMBUS, MUSCOGEE COUNTY, GEORGIA, BEING

1

KNOWN AND DESIGNATED AS ALL OF LOT NUMBERED THIRTEEN (13), IN BLOCK LETTERED 'B', SECTION ONE, BATTLE FOREST, AS SAID LOT IS SHOWN UPON A MAP OR PLAT OF SAID SUBDIVISION DATED SEPTEMBER 10, 1963 MADE BY ALDRIDGE, MOON & ASSOCIATES AND RECORDED IN PLAT BOOK 31, FOLIO 10 IN THE OFFICE OF THE CLERK OF THE SUPERIOR COURT OF MUSCOGEE COUNTY, GEORGIA.

THE IMPROVEMENTS THEREON BEING KNOWN AS 945 VALLEY FORGE ROAD, COLUMBUS, GA 31907
(TAX ID NO. 093-013-019)

On 2/10/92, Johnnie and Patricia Mason, in whom title was vested, executed a Warranty Deed, conveying the Property to Defendant James, Richmond, recorded 2/13/92, Book 3534, Page 46. On 2/19/08, Richmond executed a Note to Security Atlantic Mortgage Co, for the principal sum of $104,900.00, now in default. On 2/19/08, Richmond executed a Security Deed to MERS as nominee for Security conveying the Property as collateral for the Note, recorded 3/5/08, Book 9285, Page 132, also in default.

On 8/16/12, MERS executed an Assignment of the Security Deed to Plaintiff, recorded 4/12/17, Book 12074, Page 280. Security assigned and transferred the Note and/or all interest in the Note to Plaintiff as provided by law. On 2/18/14, Richmond executed a Modification of the Note/Security Deed, recorded 1/6/15, Book 11427, Page 282, also in default.

On 10/22/08, the United States obtained judgment in the Court against Richmond in the sum of $9,864.02, recorded 11/18/08, Lien Book 248, Page 321, of which the principal is $6,496.15;

2

interest is $7,240.46; and collection fee is $3343.49, totaling $17,080.10 as of 9/18/18. On 7/11/09, Defendant Capital obtained judgment against Richmond in state court for the sum of $2,885.71, recorded 7/27/09, Lien Book 290, Page 159.

Richmond breached Plaintiff's Note and Security Deed, still in effect, not making payments and/or not fulfilling other obligations on them, now in default. Richmond surrendered the Property in his Chapter 13 Bankruptcy Case No. 13-40824, in the Court, in which Plaintiff's motion for stay relief to pursue this action was granted on 7/31/17. [Bankruptcy Doc 58]

On 5/25/18, Plaintiff filed suit [Doc 1] for which summons issued [Doc 2-5] and Plaintiff served the Defendants. [Doc 8-11] Richmond and the United States appeared. [Doc 7 and 12] Default was entered against Defendant Capital One.

By consent of Defendants Richmond and the United States, the Court orders, adjudges and decrees as follows:

1. Per <u>Count I</u> of the Complaint, the Court declares and establishes Plaintiff holds the senior interest in the Property, its fixtures, appurtenances, rents, contents and insurance, for the principal due on its Note/Security Deed, plus interest, charges, expenses, costs and fees, taxes and abstracting, which are judicially foreclosed against the Property, in which all other claims and interests are inferior, subordinate, barred,

foreclosed and quieted to all right, title, interest and equity of redemption.

2. The parties agree that if the Property is purchased at sale by a third party bidder, detailed below, then the judgment of the United States will be satisfied by any surplus funds remaining after satisfaction of Plaintiff's debt, with the remainder of any such surplus funds payable to Defendant Richmond. Otherwise, the United States retains the right to enforce its judgment if not satisfied by a purchase by a third-party bidder at a sale of the Property under this order.

3. Under Fed. R. Civ. P. 53, the law firm of Reginald Hudespeth, LLC and/or its designee, is appointed as Special Master to and authorized to sell the Property, its improvements, buildings, fixtures and appurtenances at the Muscogee County Courthouse at the usual hour and location for public sale, per 28 U.S.C. § 2001 and applicable law, after advertisement of the sale, once per week for 4 weeks before the sale, in a newspaper regularly issued and of general circulation in that county, without right of redemption.

4. Under U.S.C. § 564 and 566, the, the Special Master may exercise the same powers to conduct the sale as any local official or party conducting foreclosure sales, to yield the best sale price of the Property through free, fair and

4

competitive bidding.

5. Plaintiff may bid the credit due on its debt, without payment of cash. At the time of sale, any third-party bidder (s) will tender a successful bid in cash, cashier's check or certified check, payable to Plaintiff. If a third-party bidder defaults on this or any other condition of sale, then the payment is forfeited and shall be applied to expenses of sale. The Property may then be re-offered for sale or sold to a second highest bidder at Plaintiff's discretion.

6. If Plaintiff is the purchaser, the Special Master will credit on Plaintiff's bid the total sums due to Plaintiff, or such portion necessary to pay Plaintiff's bid. If not the purchaser, Plaintiff will advance all subsequent costs of this action, for which it will be reimbursed by the Special Master. After completion of the sale, the Special Master will execute a Report of Sale, for filing with the Clerk of Court, subject to confirmation by the Court. Upon entry of the confirmation order, the sale proceeds will be applied to Plaintiff's costs and disbursements of this action, expenses of sale, including documentary stamps affixed to the order if applicable, the total sum due to Plaintiff less the items paid, plus interest at the rate prescribed by state law from this date to the sale date.

7. Upon motion following the sale, the Court shall enter

an order confirming the sale of the Property, conveying title to the purchaser at sale, which shall be filed and recorded in the local land registry office, with the same legal effect as a Deed Under Power or other conveyance of title under Georgia law or the Special Master may execute a Deed for recordation with the same such effect. Plaintiff may assign the Order and/or credit bid by executing an assignment prior to issuance of an order confirming the sale of the Property, without further order of the Court.

8.  A successful third-party bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and land registry fees and like costs, as provided by law. Upon entry of the confirmation order, the sale proceeds will be applied to Plaintiff's costs and disbursements of this action, expenses of sale, including documentary stamps affixed to the order if applicable, the total sum due to Plaintiff less the items paid, plus interest at the rate prescribed by state law from this date to the sale date.

9.  Per <u>Count II</u> of the Complaint, following entry of the confirmation order, Plaintiff or any purchaser at sale is granted possession of the Property as set forth in the Order. All parties, occupants, entities and others will vacate the Property following the sale. The Marshall and/or local law

enforcement officers, their deputies and agents are ordered to take any action to remove any anyone and their belongings from the Property, with whom Plaintiff or other purchaser at sale may coordinate to take all actions necessary to effectuate. Refusal or failure to vacate the property is punishable by contempt of Court.

All parties, occupants, entities and others will take all reasonable steps necessary to preserve the Property in its current condition, who will not commit waste, damage or vandalism against the Property or do anything to impair or reduce its value or marketability, including but not limited to recording any instruments, publishing any notice, or taking any other action tending to adversely affect the value of the Property or tending to deter or discourage potential bidders from participating in the sale and shall not cause or permit anyone else to do so, violation of which is punishable by contempt of Court. Any personal property remaining in the Property is deemed forfeited and abandoned; which Plaintiff or any other purchaser may dispose of in any manner.

The parties are excused from further participation from this case, including under the scheduling order [Doc 13] other than as provided by this Order.

SO ORDERED AND DECREED this 17th day of December, 2018

S/Clay D. Land
--------------
CLAY D. LAND
UNITED STATES DISTRICT COURT JUDGE


CONSENTED TO BY:
*/s/Elizabeth Blair Weatherly*
Elizabeth Blair Weatherly
Georgia Bar No. 672518
Ryan Starks
Georgia Bar No. 676512
11675 Great Oaks Way, Suite 375
Alpharetta, Georgia 30022
(770) 393-4300 (Telephone)
(770) 393-4310 (Facsimile)
Blair.Weatherly@phelanhallinan.com
Ryan.Starks@phelanhallinan.com
*Attorneys for Plaintiff*

*/s/Valerie G. Long*
Valerie G. Long
Georgia Bar No. 457485
Attorney for Defendant James I. Richmond
905 Columbus, GA 31901
(706)322-5358
lawofficevlong@yahoo.com
*Attorney for James I. Richmond*