IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A. | ) | |
| | ) | CIVIL ACTION FILE |
| Plaintiff, | ) | NO 4:18-cv-00107-CDL |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES I. RICHMOND, | ) | |
| CAPITAL ONE BANK (USA) N.A., | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER CONFIRMING FORECLOSURE SALE CONVEYING TITLE IN REAL PROPERTY AND WRIT OF POSSESION

Upon consideration of Plaintiff's Motion [Doc 19], the Court finds a hearing is not required, grants the Motion and enters this Order as follows. Per the Judgment [Doc 19], this case concerned real property, described as:

ALL THAT LOT, TRACT AND PARCEL OF LAND SITUATE, LYING AND BEING IN COLUMBUS, MUSCOGEE COUNTY, GEORGIA, BEING KNOWN AND DESIGNATED AS ALL OF LOT NUMBERED THIRTEEN (13), IN BLOCK LETTERED 'B', SECTION ONE, BATTLE FOREST, AS SAID LOT IS SHOWN UPON A MAP OR PLAT OF SAID SUBDIVISION DATED SEPTEMBER 10, 1963 MADE BY ALDRIDGE, MOON & ASSOCIATES AND RECORDED IN PLAT BOOK 31, FOLIO 10 IN THE OFFICE OF THE CLERK OF THE SUPERIOR COURT OF MUSCOGEE COUNTY, GEORGIA.

**FOR INFORMATIONAL PURPOSES ONLY**

THE IMPROVEMENTS THEREON BEING KNOWN AS 945
VALLEY FORGE ROAD, COLUMBUS, GA 31907
(TAX ID NO. 093-013-019)

The property at issue is more commonly known by its address of: 945 Valley Forge Road, Columbus, GA 31907-6753 ("Property").

On 2/10/92, Johnnie and Patricia Mason, in whom title was vested, executed a Warranty Deed, conveying the Property to Defendant Richmond, recorded 2/13/92, Book 3534, Page 46, Muscogee County, Georgia Records.

On 2/19/08, Richmond executed a Note to Security Atlantic Mortgage Co, for the principal sum of $104,900.00. On 2/19/08, Richmond executed a Security Deed to MERS as nominee for Security conveying the Property as collateral for the Note, recorded 3/5/08, Book 9285, Page 132, Muscogee County, Georgia Records. On 8/16/12, MERS executed an Assignment of the Security Deed to Plaintiff, recorded 4/12/17, Book 10659, Page 293, Muscogee County, Georgia Records. Then, on 2/18/14, Richmond executed a Modification of the Note and Security Deed, recorded 1/6/15, Book 11427, Page 282, Muscogee County, Georgia Records.

On 10/22/08, Defendant United States obtained judgment in the Court against Richmond in the sum of $9,864.02, recorded 11/18/08, Lien Book 248, Page 321, Muscogee County, Georgia Records.

On 7/11/09, Defendant Capital obtained judgment against Richmond in state court for the principal sum of $2,885.71, recorded 7/27/09, Lien Book 290, Page 159.

Richmond breached Plaintiff's Note and Security Deed, still in effect, not making payments and/or not fulfilling other obligations on them, now in default. Plaintiff held and/or owned the Property, its defaulted Note/Security Deed and/or claims at issue and had standing to enforce them and/or the claims at issue, prior to commencing suit. All Defendants were served with process, against whom the Final Judgment [Doc 18] was entered, resolving the case, declaring Plaintiff's senior interest in the Property, ordering a judicial foreclosure sale of the Property, appointing Reginald Hudspeth, LLC as Special Master, authorized to sell the Property, its improvements, buildings, fixtures and appurtenances at the Muscogee County Courthouse at the usual hour/location for public sale, per 28 U.S.C. § 2001 and applicable law, after advertisement of the sale, once per week for 4 weeks before the sale, in a newspaper regularly issued and of general circulation in Muscogee County.

As shown by the record, per the Judgment, the Property was advertised for sale, for 4 consecutive weeks before the sale, per the Publisher's Affidavit. [Doc 24-1] The Special Master conducted the sale at the Muscogee County Courthouse

on April 2, 2019, at which Plaintiff purchased the property for a credit bid of $34,650.00, per the Special Master's Report of Sale and Amended Report of Sale. [Doc 22, 23]

This Court has exclusive jurisdiction over the Property, to determine all questions of its title, possession or control. ***Wabash v. Adelbert,*** 208 U.S. 54 (1907) Confirmation of the sale is required as "a bidder at a sale by a master, under a decree of court, is not considered a purchaser until the sale is confirmed." ***Ballentyne v. Smith,*** 205 U.S. 288 (1907). Per Count I of the Complaint, Plaintiff purchased the Property, entitling it to confirmation as the new owner of the Property. Per Count II of the Complaint, Plaintiff is also entitled to possession of the Property. This Order is entered *nunc-pro-tunc* to April 2, 2019.

## CONVEYANCE OF ALL RIGHT, INTEREST AND TITLE TO THE PROPERTY AND ORDER QUIETING TITLE TO THE PROPERTY IN FEE SIMPLE AS TO PLAINTIFF

Per Count I of the Complaint, the Judgment, Fed. R. Civ. P. 70, and applicable law, the Court confirms the foreclosure sale of the Security Deed as to the Property, grants, conveys and quiets title to the Property in fee simple absolute to WELLS FARGO BANK, N.A., free and clear of all claims, impediments to and matters of title to the Property by all other parties, whose interests are foreclosed, extinguished, barred, quieted, cancelled and invalided from title to the Property.

This Order will be recorded/indexed by the Clerk of Muscogee Superior Court, with the same legal effect as a conveyance per O.C.G.A. § 9-13-173 and an order per O.C.G.A. § 23-3-67.

## WRIT OF POSSESSION OF THE PROPERTY
## AS TO RH FUND, XVI, LLC

Per Count II of the Complaint, the Judgment and Fed. R. Civ. P. 64, the Court grants sole possession of the Property to WELLS FARGO BANK, N.A., enforceable by federal and/or local law enforcement officers in this Order, also constituting a writ of possession. See O.C.G.A. § 9-13-175. The Defendants, occupants of the Property, and all others shall vacate the Property at the direction of federal and/or local law enforcement officers and shall not commit waste, damage or vandalism as to the Property and will do nothing to impair its title or value. Violation of these conditions is punishable by contempt, as also provided by the prior Order. [Doc 18]. The prior Order otherwise remains in effect. The Court retains jurisdiction to enforce all orders entered in this case.

SO ADJUDGED AND DECREED this 23rd  day of May, 2019

s/Clay D. Land
_____
The Honorable CLAY D. LAND
Judge, United States District Court
Middle District of Georgia, Columbus Division

Prepared and respectfully submitted by:
  /s/ Elizabeth Blair Weatherly
Elizabeth Blair Weatherly
Georgia Bar No. 672518
Ryan Starks
Georgia Bar No. 676512
11675 Great Oaks Way, Suite 320
Alpharetta, Georgia 30022
(770) 393-4300 (Telephone)
(770) 393-4310 (Facsimile)
Blair.Weatherly@phelanhallinan.com
Ryan.Starks@phelanhallinan.com
*Attorneys for Plaintiff*